# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARTHA AKERS**, <br><br> Appellant, <br><br> v. <br><br> **BEAL BANK**, <br><br> Appellee. | Case No. 17-cv-1488 (CRC) |

## MEMORANDUM OPINION

Pro se appellant Martha Akers noticed an appeal from an order by the Bankruptcy Court dismissing her adversary proceeding against Beal Bank. Beal Bank has moved for the Court to dismiss Akers's appeal or, alternatively, for summary affirmance. The Court issued a Fox/Neal Order to Akers on December 21, 2017, directing her to respond to Beal Bank's motion by January 5, 2018 and warning that failure to do so could result in the dismissal of her case. See Order (Dec. 21, 2017); see also Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam). Akers has not filed a response.

Beal Bank contends that this case should be dismissed because Akers's untimely notice of appeal strips this Court of jurisdiction. Beal Bank Mot. Dismiss Appeal ¶ 6. Under Federal Rule of Bankruptcy Procedure 8002(a), a party must file a notice of appeal with the bankruptcy clerk within 14 days of the entry of the order seeking to be appealed. This time period can be extended by the bankruptcy court by a motion within that 14-day period or by a motion making a showing of excusable neglect filed within 21 days after that 14-day period ends. Fed. R. Bankr. P. 8002(d)(1).

Akers's notice of appeal was not filed within the limits prescribed by Rule 8002(a). The order dismissing her adversary proceeding was entered on May 2, 2017. The subsequent order

barring her from filing subsequent adversary proceedings was entered on May 26, 2017. Both orders were mailed to her the same day they were entered. Akers's notice of appeal was filed on June 26, 2018. This comes over a month after the two orders in her adversary proceeding were issued, more than the requisite fourteen days. Nor did Akers request that the bankruptcy court extend her period of time in which to file an appeal. Thus, Akers's notice of appeal is not timely.

Beal Bank argues that this flaw is jurisdictional. The courts of appeals that have confronted this question have all agreed. See, e.g., In re Sobczak-Slomczewski, 826 F.3d 429, 432 (7th Cir. 2016) (per curiam); In re Berman-Smith, 737 F.3d 997, 1001–03 (5th Cir. 2013) (per curiam); In re Caterbone, 640 F.3d 108, 112–14 (3d Cir. 2011); In re Latture, 605 F.3d 830, 833–37 (10th Cir. 2010); see also Matter of Kite, 2018 WL 400743, at *3 (5th Cir. Jan. 12, 2018) (per curiam) ("Every other court of appeals to consider Rule 8002(a) post-Kontrick and Bowles has stated that the rule is jurisdictional.").

So, too, does this Court. The Supreme Court has "long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" Bowles v. Russell, 551 U.S. 205, 209 (2007) (citation omitted); see also id. at 214 ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Additionally, the statute providing district courts jurisdiction over bankruptcy appeals states that such appeals "shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Thus, Congress has imposed a timeliness requirement by statute—and has tied that timeliness requirement to the jurisdiction of the district courts. See, e.g., In re Latture, 605 F.3d at 837; cf. Kontrick v. Ryan, 540 U.S. 443, 453 (2004) (claims processing rules not set by statute are not jurisdictional). For these reasons, the Court agrees that the time limit in Rule 8002(a) is jurisdictional.

Akers's failure to file a timely notice of appeal—or to seek an extension from the bankruptcy court—deprives the Court of jurisdiction. The Court will thus dismiss her appeal. A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: January 31, 2018